(No. 4127— ▮▮▮▮▮▮▮▮)

JOSEPH GREEN, A MINOR, BY AND THROUGH HIS MOTHER AND NEXT FRIEND, RUTH ELIZABETH GREEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1949.*

REED F. CUTLER, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Joseph Green, a minor, by and through his mother and next friend, Ruth Elizabeth Green, filed his claim on October 15, 1948 for recovery of $2,500.00 damages for injury to claimant on February 10, 1948, caused by his being struck in the right eye by a door check under the operation and control of respondent, which resulted in the loss of the right eye of claimant and which had to be replaced by an artificial eye.

The record consists of the complaint, departmental report, stipulation, waiver of brief of claimant, waiver of brief of respondent, and claimant's exhibits 1 to 4 inclusive.

There is no disagreement with respect to the material facts. The complaint alleges that the State owns, operates and maintains the Illinois State Normal University at Normal, Illinois, and as part of the functions of the said Illinois State Normal University it also conducts and operates a University High School on the campus and in the buildings of the Illinois State Normal University; that claimant, Joseph Green, on February 10, 1948, was a pupil or student enrolled in the State University High School; that he was voluntarily serving as a monitor, and while performing the duties of a monitor, which were assigned to him, he was entering a door on the north side of a building which is known as the "Metcalf Building"; that while entering the said door he was struck in his right eye by a part of the said door or equipment attached thereto which had worked loose and functioned improperly; that as a result of said injury claimant suffered great pain, incurred extensive

medical and hospital expense, and lost the sight of his right eye, it being necessary in the treatment thereof to have the said eye removed and replaced by an artificial eye. The departmental report concurs in the correctness of these allegations.

In the stipulation filed in this cause it is stated that the injury of claimant was caused by his being struck in the right eye by a door check. It is apparent, from an examination of claimant's exhibits 3 and 4 which are true and correct photographic reproductions of the door check as presenently located and where previously located, that the screws holding the check had worked loose, causing it to fall. It was the duty of respondent to maintain this door check in a safe condition for ordinary usage so as not to injure persons who were continually passing through this entrance door which it held in check and, having failed in this duty, is guilty of negligence, and the Court so finds.

Claimant incurred medical and hospital expenses, as shown by claimant's exhibits 1 and 2; to The Gailey Eye Clinic $315.00, and to The Mennonite Hospital $153.05. It will also be necessary for him to replace the artificial eye from time to time. Considering the nature and extent of the injury and the expenses incurred and to be incurred, the maximum award allowed under Paragraph (c), Section 7 of the Court of Claims Act of $2,500.00 is not an unreasonable sum to allow claimant for damages sustained as a result of this injury.

An award is therefore made to Ruth Elizabeth Green, as mother and next friend of claimant, Joseph Green, a minor, for his use and benefit, in the sum of $2,500.00.